UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| THE DANVILLE GROUP, <br> d/b/a ROOTSTOCK SOFTWARE, <br><br> Plaintiff, <br><br> v. <br><br> CARMAX BUSINESS SERVICES, LLC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:20-cv-696 (LO/TCB) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the Declaration of Lauren Champaign Stating Fees and Costs Relating to Plaintiff's Motion to Compel (Dkt. 67). For the reasons articulated below, Plaintiff's fee petition is granted in part.

### I. BACKGROUND

Plaintiff The Danville Group d/b/a Rootstock Software ("Plaintiff") filed its initial motion to compel on February 18, 2021 seeking to compel Defendant Carmax Business Services, LLC's ("Defendant") production of various emails and documents relating to the parties' prior contract. (Dkt. 45.) The undersigned granted Plaintiff's motion on March 19, 2021 and ordered Defendant to produce the missing documents as soon as possible and to submit a status update by March 30, 2021. (Dkt 66.) Additionally, the Order stated that "Plaintiff is awarded fees and costs associated with this motion. Plaintiff shall submit a separate declaration of fees and costs." (*Id.*)

Pursuant to the Court's Order, counsel for Plaintiff filed the instant declaration on March 30, 2021. (Dkt. 67.) Defendant filed an opposition on April 13, 2021 claiming that Plaintiff's proposed fees were unreasonable and unsubstantiated. (Dkt. 81.) Plaintiff filed a reply on April

1

23, 2021 (Dkt. 91).

## II. ANALYSIS

In granting an award of attorneys' fees, the court must determine the lodestar figure by multiplying the reasonable number of expended hours times the reasonable rate. *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009); *Grissom v. Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008). Deciding what is "reasonable" is within the district court's discretion, but must be guided by the following twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson*, 560 F.3d at 243-44. The Court finds that the first, fifth, and ninth factors are those most pertinent here.

First, the Court will address the time and labor expended on the matter. Three attorneys and a paralegal at Foley & Lardner LLP spent a total of 43.45 hours in preparing the motion to compel. (Dkt. 67 at 4.) A breakdown of the hours and proposed attorneys' fees are as follows:

| Attorney or Staff | Hours | Hourly Fee | Total Sum |
| --- | --- | --- | --- |
| Eileen Ridley, Partner | 5.6 | $1,100.00-$1,180.00 | $6,556.00 |
| Lauren Champaign, Senior Counsel | 10.45 | $720.00-$775.00 | $8,076.75 |
| Angelica Inclan, Associate | 20.10 | $395.00-$440.00 | $8,835.00 |
| Gail Lancto, Paralegal | 7.3 | $340.00 | $2,482 |
| **TOTAL** | **43.45** | - | **$25,949.75** |

(*Id.*)

The Court has reviewed counsel for Plaintiff's declaration and descriptions of the work performed. (*Id.* at 3.) Upon review, the Court finds that the hours expended and work performed are entirely reasonable. The work included (1) researching, drafting, and revising the motion and reply memorandum; (2) analyzing Defendant's opposition memorandum; and (3) preparing for and attending the hearing on the motion. (*Id.*) These actions are precisely what the Court expects counsel to undertake in the process of filing a motion to compel and presenting relevant updates to the Court.

Defendant argues that Plaintiff's 43.45 hours spent on its motion to compel is excessive. (Dkt. 81 at 8.) The Court does not agree and finds the amount of time spent on this complex discovery motion reasonable.

Additionally, Defendant claims Plaintiff cannot recover for the claimed work because Plaintiff did not list a meet and confer in its declaration, and because Plaintiff has not submitted its billing records. (*See* Dkt. 81 at 2-3, 6-8.) As explained above, the Court ordered Plaintiff to submit the instant fee petition upon granting its motion to compel. (*See* Dkt. 66.) The parties already litigated the issue of a meet and confer on this motion in their pleadings and at the hearing. And, although the Court agrees that billing records would have been a preferred exhibit to Plaintiff's declaration, Plaintiff has adequately and reasonably described the fees to which it is entitled.

Next, the fifth factor requires the Court to look at customary fees in like work. To aid in this analysis, the Court considers the *Vienna Metro* matrix, which this Court has consistently used in determining customary rates for Northern Virginia attorneys. *JK Moving & Storage, Inc. v. Winmar Constr., Inc.*, No. 1:17-cv-1213 (CMH/TCB), 2018 WL 4365573, at *3 (E.D. Va. June 20, 2018) (*citing Vienna Metro LLC v. Pulte Home Corp.*, No. 1:10-cv-502, Dkt. 263 (E.D.

Va. Aug. 24, 2011). The *Vienna Metro* matrix provides for fees as follows:

| Years' Experience | Hourly Rate |
|---|---|
| 20+ years (Ms. Ridley) | $505.00-$820.00 |
| 8-10 years (Ms. Champaign) | $465.00-$640.00 |
| 1-3 years (Ms. Inclan) | $250.00-$435.00 |
| Paralegals (Ms. Lancto) | $130.00-$350.00 |

*Id.*

Here, comparing the attorneys' relevant billing rates $1,100.00-$1,180.00 (Ms. Ridley), $720.00-$775.00 (Ms. Champaign), $395.00-$440.00 (Ms. Inclan), and $340.00 (Ms. Lancto) per hour, respectively – to the above fee estimations, the requested billing rates sit above each range, with the exception of Ms. Lancto's requested rate. Therefore, Plaintiff's requested rates are unreasonable because they are in excess of the *Vienna Metro* Matrix.[1]

Considering the reasonable hours expended and the attorneys' years of experience explained in Plaintiff's declaration, the Court finds it appropriate to award fees in the upper ranges of the *Vienna Metro* Matrix. Accordingly, the Court awards the following fees:

| Attorney or Staff | Hours | Hourly Fee | Total Sum |
|---|---|---|---|
| Ms. Ridley | 5.6 | $820.00 | $4,592.00 |
| Ms. Champaign | 10.45 | $640.00 | $6,688.00 |
| Ms. Inclan | 20.10 | $435.00 | $8,743.50 |
| Ms. Lancto | 7.3 | $340.00 | $2,482.00 |
| **TOTAL** | **43.45** | - | **$22,505.50** |

Finally, the ninth factor – the experience, reputation, and ability of the attorneys – is relevant here. Plaintiff is represented by Foley & Lardner LLP, an Am Law 100 firm. Ms. Ridley is a partner at the firm with over 20 years of experience. (Dkt. 91 at 5 n.2.) Ms. Ridley has tried

---

[1] Defendant's opposition argues that Plaintiff's proposed rates are unreasonable because they are in excess of the United States Attorney's Office Attorney's Fee Matrix. (Dkt. 81 at 3-4.) Although the undersigned agrees with Defendant that Plaintiff's proposed fees are unreasonable, the *Vienna Metro* Matrix is the proper measure of fees here. Plaintiff's reply memorandum acknowledges that "the Court typically applies the *Vienna Metro* Matrix to fee requests and [Plaintiff] is willing to accept the higher end of those rates here[.]" (Dkt. 91 at 5.)

over 40 cases and has significant experience in complex commercial litigation matters in the high-tech, oil and gas, telecommunications, construction, insurance, and health care industries. (Dkt. 67-3.) Ms. Champaign is a senior counsel with 10 years of experience in commercial litigation, securities litigation, product liability defense, antitrust, and consumer finance matters. (*Id.*) Finally, Ms. Inclan is a litigation associate with a year of experience in litigation at the law firm. (Dkt. 91 at 5 n.2.; Dkt. 67-3.) As this is a contract dispute over an agreement to provide software services, the Court finds that Plaintiff's attorneys' experience and ability support an award of reasonable fees.

In sum, upon consideration of the relevant factors, the Court finds that $22,505.50 is an appropriate award of attorneys' fees in this matter.

### III. ORDER

It is hereby **ORDERED** that Plaintiff's Declaration (Dkt. 67) is **GRANTED IN PART**. Defendant shall pay Plaintiff's reasonable fees of $22,505.50 within twenty (20) days of the date of this Order.

ENTERED this 27th day of April, 2021.

/s/
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia