UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| THE DANVILLE GROUP, d/b/a ROOTSTOCK SOFTWARE, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:20-cv-696 (LO/TCB) |
| CARMAX BUSINESS SERVICES, LLC, | ) ) ) | |
| Defendant. | ) ) ) | |

### MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the Declaration of Lauren Champaign Stating Fees and Costs Relating to Plaintiff's Motion for Sanctions for Spoliation of Evidence (Dkt. 116), Defendant Carmax Business Services, LLC's ("Defendant") opposition (Dkt. 122), and Plaintiff The Danville Group d/b/a Rootstock Software's ("Plaintiff") reply (Dkt. 124). For the reasons articulated below, Plaintiff's fee petition is granted in part.

### I. BACKGROUND

Plaintiff filed its initial Motion for Sanctions for Spoliation of Evidence on February 18, 2021. (Dkt. 45.) Plaintiff alleged that Defendants wiped clean the laptops of numerous former Rootstock employees, depriving them of irreplaceable discovery necessary to pursue this lawsuit, after Defendants ought to have anticipated litigation. In light of Defendant's spoliation, Plaintiff sought: (1) terminating sanctions; (2) evidentiary sanctions; (3) attorneys' fees and costs; and (4) punitive or deterrent sanctions against Defendant.

The Court first held a hearing on Plaintiff's motion for sanctions, as well as its motion to compel, on March 19, 2021. (Dkt. 65.) At that point, the undersigned continued the motion for

1

sanctions to April 2, 2021 to give Defendant time to search for any missing information. (Dkt. 66.) After the April 2, 2021 hearing, the undersigned again continued the matter (as well the parties' various other discovery motions) to April 30, 2021 and ordered the parties to "meet and confer to create a schedule for the filing of declarations detailing what emails and documents have not been produced." (Dkt. 74.) Finally, when Defendant was still unable to recover all discovery from the wiped laptops, the undersigned granted Plaintiff's motion for sanctions in part. (Dkts. 111-12.) And, the undersigned made the specific ruling "pursuant to Federal Rule of Civil Procedure 37(e)(1), that Defendant Carmax Business Services, LLC ("Defendant") had a duty to preserve documents as of September 5, 2019[.]" (Dkt. 112.) The undersigned also ordered that "Plaintiff is awarded fees and costs incurred in association with this motion for sanctions." (*Id.*)

Pursuant to the Court's Order, counsel for Plaintiff filed the instant declaration on May 7, 2021. (Dkt. 116.) Defendant filed its opposition on May 21, 2021 claiming that Plaintiff's proposed fees were excessive and unsubstantiated. (Dkt. 122.) Plaintiff filed a reply on April 27, 2021. (Dkt. 124). Accordingly, this matter is now ripe for disposition.

## II. ANALYSIS

In granting an award of attorneys' fees, the court must determine the lodestar figure by multiplying the reasonable number of expended hours times the reasonable rate. *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009); *Grissom v. Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008). Deciding what is "reasonable" is within the district court's discretion, but must be guided by the following twelve factors:

(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson*, 560 F.3d at 243-44. The Court finds that the first, fifth, and ninth factors are those most pertinent here.

    i.    <u>Time and Labor Expended</u>

First, the Court will address the time and labor expended on the matter. Plaintiff alleges that five attorneys and two paralegals at Foley & Lardner LLP spent a total of 196.33 hours in preparing the motion to compel. (Dkt. 116 at 4.) A breakdown of the hours and proposed attorneys' fees are as follows:

| Attorney or Staff | Hours | Hourly Fee | Total Sum |
|---|---|---|---|
| Eileen Ridley, Partner | 27.3 | $820.00 | $22,386.00[1] |
| Lauren Champaign, Senior Counsel | 58.48 | $640.00 | $37,427.20 |
| Kate Shoemaker, Associate | 47.85 | $540.00-$600.00 | $28,674.00 |
| Jason Wu, Associate | 19.90 | $515.00-580.00 | $11,386.00 |
| Angelica Inclan, Associate | 6.7 | $435.00 | $2,914.50 |
| Gail Lancto, Paralegal | 29.7 | $340.00 | $10,098.00 |
| Jesus Torres, Paralegal | 6.4 | $290.00 | $1,856.00 |
| **TOTAL** | **196.33** | - | **$114,741.70[2]** |

(Dkt. 116 at 5, Dkt. 124 at 7.)

The Court has reviewed counsel for Plaintiff's declaration, descriptions of the work

---

[1] Plaintiff's motion requests $22,480.00. (Dkt. 116 at 5.) This appears to be a mathematical error. The Court has adjusted the total amount requested accordingly.
[2] In its reply, Plaintiff conceded that two of its contested billing entries were not appropriate and reduced the total amount requested. (*See* Dkt. 122 at 8; Dkt. 124 at 7.)

performed, and billing entries. (*Id.* at 3-4, Exs. C, D .) Upon review, the Court finds that most of the hours listed are reasonable but declines to award fees for counsels' meet and confers and travel for Ms. Ridley. The Court finds that Plaintiff is entitled to reasonable fees for (1) researching, drafting, and revising the motion for sanctions, reply, and supporting declarations; (2) analyzing Defendant's opposition memorandum; and (3) preparing for and attending the hearings related to this motion. (*Id.*) These actions are precisely what the Court expects counsel to undertake in the process of filing a complex motion for sanctions and producing the declarations the Court ordered here. The Court adjusts Plaintiff's fee award accordingly below.

Defendant argues that the number of hours Plaintiff spent litigating the motion for sanctions and requested fees are excessive. (Dkt. 122 at 2-3.) The Court does not agree and finds the amount of time spent on this complex discovery motion reasonable. This motion involved a request for spoliation sanctions, which this Court does not take lightly. The fact that Plaintiff may have used "facts which CarMax freely disclosed or were available from its own personnel" is not what matters here. (*Id.*) What is relevant is the numerous filings and hearings that resulted from Defendant's failure to preserve evidence.

Additionally, the Court rejects Defendant's contentions the block-billed entries are facially unreasonable, that Plaintiff did not properly prorate certain entries, and that Plaintiff included entries for purely clerical work. (Dkt. 122 at 3-5, 8-9, 10-11.) Plaintiff's time entries sufficiently describe particular legal tasks and Plaintiff's motion explains how counsel prorated entries related to other motions in this matter. (Dkt. 116 at 4.)

Defendant next argues that Plaintiff seeks fees for tasks not ordered by the Court or necessary to its motion for sanctions. (Dkt. 122 at 5-7.) Specifically, Defendant points to Plaintiff's exhibits attached to the Declaration of Eileen Ridley. (Dkt. 101.) These exhibits

consist of a summary of all of the parties' pending motions and a summary of Plaintiff's costs and fees at that time. Defendant is incorrect that these exhibits were unwarranted. The Court ordered the parties to "create a schedule for the filing of declarations detailing what emails and documents have not been produced" on April 2, 2021. (Dkt. 74.) And, the Court approved of the parties' proposed schedule for such on April 9, 2021. (Dkt. 76.) Plaintiff submitted its declaration pursuant to this schedule. The fact that the Court did not specifically order Plaintiff to summarize the pending issues before the Court or provide an overview of attorneys' fees does not mean these exhibits were irrelevant or of no use to the Court in its deliberation process.

The Court agrees with Defendant, however, that Plaintiff is not entitled to fees for meet and confers, Ms. Ridley's travel expenses, or certain phone calls with the client. (Dkt. 116-3 at 79.) The Court expects, and the local rules require, the parties to regularly meet and confer to resolve discovery disputes and to ultimately reduce the costs of litigating complex discovery issues like this one. Additionally, Plaintiff is not entitled to fees for travel costs when local counsel could have argued the motions. Local counsel, Ms. Champaign, has argued most of the matters in this case, and the Court sees no reason why travel expenses were necessary here. Finally, Counsel is obligated to update the client, and is not entitled to fees for doing so.

Accordingly, upon review of the billing entries, the undersigned reduces Ms. Ridley's fees to $11,152.00; Ms. Champaign's to $31,219.20; and Ms. Shoemaker's to $28,350.00. This brings Plaintiff's total fee award to $96,975.70.

  ii. <u>Customary Fees for Like Work</u>

Next, the fifth factor requires the Court to look at customary fees in like work. To aid in this analysis, the Court considers the *Vienna Metro* matrix, which this Court has consistently used in determining customary rates for Northern Virginia attorneys. *JK Moving & Storage, Inc.*

*v. Winmar Constr., Inc.*, No. 1:17-cv-1213 (CMH/TCB), 2018 WL 4365573, at *3 (E.D. Va. June 20, 2018) (*citing Vienna Metro LLC v. Pulte Home Corp.*, No. 1:10-cv-502, Dkt. 263 (E.D. Va. Aug. 24, 2011). The *Vienna Metro* matrix provides for fees as follows:

| Years' Experience | Hourly Rate |
|---|---|
| 20+ years (Ms. Ridley) | $505.00-$820.00 |
| 8-10 years (Ms. Champaign) | $465.00-$640.00 |
| 4-7 years (Ms. Shoemaker, Mr. Wu) | $350.00-$600.00 |
| 1-3 years (Ms. Inclan) | $250.00-$435.00 |
| Paralegals (Ms. Lancto, Mr. Torres) | $130.00-$350.00 |

*Id.*

Here, comparing the attorneys' relevant billing rates $820.00 (Ms. Ridley), $640.00 (Ms. Champaign), $540.00-$600.00 (Ms. Shoemaker), $515.00-$580.00 (Mr. Wu), $435.00 (Ms. Inclan), $340.00 (Ms. Lancto), and $290.00 (Mr. Torres) per hour, respectively – to the above fee estimations, the requested billing rates sit within each range. Additionally, these rates are consistent with the rates the Court granted in Plaintiff's last fee petition. (*See* Dkt. 107.) Therefore, Plaintiff's requested rates are reasonable because they align with those in the *Vienna Metro* Matrix.[3]

    iii.    <u>Attorneys' Experience, Reputation, and Ability</u>

Finally, the ninth factor – the experience, reputation, and ability of the attorneys – is relevant here. Plaintiff is represented by Foley & Lardner LLP, an Am Law 100 firm. Ms. Ridley is a partner at the firm with over 20 years of experience. (Dkt. 116 at 2.) Ms. Ridley has tried over 40 cases and has significant experience in complex commercial litigation matters in the high-tech, oil and gas, telecommunications, construction, insurance, and health care industries. (Dkt. 116, Ex. B.) Ms. Champaign is a senior counsel with 10 years of experience in commercial litigation, securities litigation, product liability defense, antitrust, and consumer finance matters.

---

[3] Defendant does not contest the reasonableness of Plaintiff's proposed rates.

(*Id.*) Ms. Shoemaker is a sixth-year associate with extensive litigation experience that includes general business litigation. (*Id.*) Mr. Wu has been an associate at Foley & Lardner LLP for five years and has worked on a variety of commercial litigation matters. (*Id.*) Finally, Ms. Inclan is a litigation associate with a year of experience in litigation at the law firm. (*Id.*) As this is a contract dispute over an agreement to provide software services, the Court finds that Plaintiff's attorneys' experience and ability support an award of reasonable fees.

In sum, upon consideration of the relevant factors, the Court finds that $96,975.70.is an appropriate award of attorneys' fees in this matter.

III. ORDER

It is hereby **ORDERED** that Plaintiff's Declaration (Dkt. 116) is **GRANTED IN PART**. Defendant shall pay Plaintiff's reasonable fees of $96,975.70 within twenty (20) days of the date of this Order.

ENTERED this 3rd day of June, 2021.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia